USCA1 Opinion

 

 January 9, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1385 WILLIAM THOMAS MIDDLETON, Plaintiff, Appellant, v. ELIZABETH SUTTON, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Paul J. Barbadoro, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ William Thomas Middleton on brief pro se. ________________________ William L. Chapman and Orr and Reno, Prof. Assoc. on brief for ___________________ ____________________________ appellees. ____________________ ____________________ Per Curiam. The plaintiff, now serving a term for __________ possession of child pornography, was the subject of a television program that portrayed him as one who had sexually abused and exploited his own children. In this jury waived libel action by the plaintiff against those involved in the program, the district court ruled on summary judgment that, whether the program was accurate or not, the defendants had met the local libel rules by exercising reasonable care in their investigation. See, e.g., Duchesnaye v. Munro ___ ____ __________ _____ Enterprises, Inc., 125 N.H. 244, 251 (1984); accord, e.g., _________________ ______ ____ Kassel v. Gannet Co., 875 F.2d 935, 943 (1st Cir. 1989). For ______ __________ the reasons given by the district court, we agree that no factual issue was presented as to the adequacy of the investigation on those charges. The television program itself, despite a shallow pretence at serious reporting, was -- as to the plaintiff -- a highly colored and inflammatory version of the events. But there seems to have been at least some evidence for, and some investigation of, various key charges. The most dramatic exception was the suggestion, for which we have been offered no evidence whatever, that plaintiff served in a pornography ring that was involved in the murder of children. But plaintiff himself failed to stress this murder claim adequately in opposing summary judgment, it went unmentioned -2- by the district judge, and we think it is too late to resurrect it now. Affirmed. ________ -3-